## NAYLOR–COLLINS CO. et al. v. LEAVERTON.

### No. 3594.

Court of Civil Appeals of Texas. Amarillo. May 27, 1931.

Rehearing Denied June 17, 1931.

Pardue & Harrelson, of Lubbock, for appellant Naylor-Collins Co.

Bledsoe, Crenshaw & Dupree, of Lubbock, for appellant American Window Co.

Bonner, Bonner & Childress, of Wichita Falls, for appellant City Nat. Bank.

Wilson, Randal & Kilpatrick, of Lubbock, for appellee.

RANDOLPH, J.

The following statement of the nature and result of suit is taken in the main from appellee's brief:

On April 11, 1929, Naylor-Collins Company, alleging itself to be a Texas corporation of Wichita Falls, Tex., filed in the district court of Lubbock county, Tex., its original petition against the appellee, basing its suit on only an open account with an alleged balance of $1,967.41. No mention is made in this petition of any contract and the statement of the alleged account is attached to the original petition.

On June 25, 1929, the City National Bank of Wichita Falls, Tex., as intervener, filed in this suit a pleading which is called an "interpleader," in which it is alleged that before the commencement of this suit the plaintiff had assigned its alleged open account to the bank and at the time of its interpleading the bank was the owner of the account. It further alleged that the suit filed by Naylor-Collins Company against Leaverton had been collusively instituted and prosecuted by Naylor-Collins Company, at the request of the defendant Leaverton, with the intent to defraud the creditors of Leaverton and especially the bank, and that at the time of the filing of the suit, the said account was not the account of Naylor-Collins Company, and at the time of the filing of the interpleader, was not its property, but that the bank was the owner of the account by reason of the assignment. The Naylor-Collins Company and the bank were represented by the same attorney in the filing of these pleadings and throughout the suit.

On March 5, 1930, the Naylor-Collins Company and the Wichita bank joined in a pleading which is indorsed "Plaintiffs' Amended Petition," but which does not appear in the body of the petition to be an amendment of any sort proceeding as an original petition. In this pleading the open account in favor of Naylor-Collins Company against Leaverton for a balance of $1,967.41 was again alleged. The pleading then alleges that on September 22, 1928, the account was assigned by Naylor-Collins Company to the Wichita bank. The petition further alleges that on January 21, 1929, the Wichita bank reassigned the account to Naylor-Collins Company, and that at the time of the filing of this pleading the bank was not claiming any interest in the account because of said assignment. It proceeds further, however, to allege that on April 30, 1929, which was after the original petition of Naylor-Collins Company had been filed, and before the original interpleader of the bank had been filed, the Naylor-Collins Company, by a deed, had transferred and conveyed to the bank all the assets of the Naylor-Collins Company, including the good will,

franchise, planing-mill, real estate, choses in action, and other tangible assets then belonging to the Naylor-Collins Company,. and that at the time of the filing of this joint petition the bank was the holder and owner of all such assets, including the account sued upon. It further alleged that by reason of such conveyances and by virtue of its ownership of the assets of the Naylor-Collins Company, the bank was entitled to recover from Leaverton judgment for the alleged balance due on same. This document went on to state that in the event the court should find that by the transfer of all of its assets, the Naylor-Collins Company had ceased to retain its corporate identity, then the plaintiff bank, being the owner and holder of all of said assets, was entitled to maintain this action and entitled to a judgment against Leaverton. It alleged that the account referred to was the outgrowth of a contract between Leaverton and Naylor-Collins Company, a copy of which was attached to this joint pleading. A copy of the deed of conveyance from Naylor-Collins Company to the bank was also attached to this joint pleading.

Just two days before this joint pleading had been filed, Leaverton, on March 2, 1930, filed his first amended answer in response to plaintiff's original petition, the original plea of intervention or interpleader filed by the bank and the pleading of the American Window Company, which had in the meantime been interpleaded by Leaverton and had answered in the suit. Leaverton denied the account under oath and alleged his contract with Naylor-Collins Company, by which contract Naylor-Collins Company had agreed to furnish all millwork for the Texas Technological College Chemistry Building, said millwork to be furnished according to the plans and as described in specifications under the heading of "millwork," prepared by the architect of the building. He alleged that the plans and specifications under the heading of "millwork," as referred to, provided that the windows were to be equipped with American Window Company hardware. The defendant Leaverton further alleged that the Naylor-Collins Company had violated many provisions of its contract with reference to properly manufacturing the material, and that Naylor-Collins Company had failed and refused to deliver some of the material and had delivered wrong kinds of material, and that Leaverton had been required, by reason of such failures on the part of the Naylor-Collins Company, to furnish material and labor, the value of which more than offset the balance claimed to be due on the account; he also alleged that by reason of the contract, the Naylor-Collins Company was liable for the debt alleged to be due to the American Window Company; he denied under oath any debt due by him to the American Window Company, and asked that his damages incurred by reason of Naylor-Collins Company's default be offset against the debt alleged by Naylor-Collins Company; he also alleged that Waples-Platter Company was claiming an assignment of the account sued upon and made that company a party to the suit.

This company later disclaimed any interest in the subject-matter and no further mention need be made of it.

On March 5, 1930, the American Window Company filed an answer in response to the pleadings of Leaverton, Naylor-Collins Company, and the bank, in which pleading it alleged a debt of $1,054 to be owing it by Leaverton by reason only of a sale of its merchandise to Leaverton at his special instance and request. It alleged that it had furnished Leaverton its prices on its material, and that thereafter Leaverton had ordered goods from it, and that the goods had been sold and delivered to Leaverton on this order of Leaverton. There is an attempt in this pleading to allege an implied obligation on the part of Leaverton to pay it the sum sued for.

After all of these pleadings had been filed in this case, Leaverton, in response to all of them, filed on October 13, 1930, his second amended original answer, denying under oath any account in favor of any of the parties. He again alleged his contract with Naylor-Collins Company. He alleged in detail each item of expense which he had necessarily incurred in performing work and furnishing material which Naylor-Collins Company had contracted to perform and furnish, alleging the actual cost and the reasonable and customary market value. He also alleged delays which damaged him and the amount in which he was damaged. He also alleged that Naylor-Collins Company, by its contract, had agreed to furnish the hardware which the American Window Company, alleged that it had sold to Leaverton; he expressly denied any liability for the hardware, denying that he agreed to pay for same; and alleged that he would not have agreed to pay for same under any circumstances and that he would not have allowed the hardware to be delivered and installed if he had known that the American Window Company would contend that he was liable for same or that Naylor-Collins Company did not expect to pay for same. He also alleged that if the court should find that he was liable for same, then that said sum should be added to his other offsets and that he should recover from Naylor-Collins Company such additional sum. He also alleged that the plaintiffs were liable to him for all of the items pleaded as damages; pleaded them as off-sets for the debt sued upon, and alleged a liability on the part of the plaintiffs for the amount by which his damages exceeded the debt sued for by plaintiff.

Leaverton further alleged in this answer that by reason of the transfer of all corporate

property and franchise by Naylor-Collins Company to the bank, as pleaded by both of the plaintiffs, the City National Bank of Wichita Falls occupied the same position in said suit and was in reality the same corporation as the Naylor-Collins Company, and that by reason of the allegations of the plaintiffs and the offsets and damages claimed by the defendant, both of the plaintiffs were liable to him in the same manner. He also alleged that by reason of said transfer pleaded by the plaintiffs, the City National Bank had become, under the law, a trustee and receiver for the benefit of any and all creditors of the Naylor-Collins Company and that the said bank was therefore liable to the defendant as stated. He also alleged that such bank was liable to him on an implied promise to pay such debt.

The case was tried before a jury, beginning October 17, 1930. The court submitted to the jury twenty special issues, some of which were requested by the plaintiffs and some by the defendant and some by the American Window Company. After the verdict was returned, Leaverton filed a motion for a judgment in his favor, and on October 23, 1930, judgment was rendered, in substance, that the parties take nothing against Leaverton; for the American Window Company in the sum of $1,054 as against Naylor-Collins Company and the Wichita bank and in favor of Leaverton and against the Wichita bank and Naylor-Collins Company in the sum of $24.81.

The American Window Company has appealed from the judgment of the court denying it a recovery against Leaverton; the Wichita bank and the Naylor-Collins Company have appealed from the judgment allowing the American Window Company a recovery against them; the Wichita bank has appealed from the judgment allowing Leaverton a recovery of $24.81 against it. The Naylor-Collins Company filed its appeal bond, but in its brief admits that the judgment so far as it and Leaverton are concerned is proper.

The bank does not complain of the judgment in favor of Leaverton denying the plaintiffs a recovery of the debt sued for, which is the main cause of action.

■ The appellant American Window Company's first proposition is as follows: "The letter from the American Window Company to Leaverton, dated April 9, 1928, and Leaverton's letter to the American Window Company of October 25, 1928, construed in connection with the other correspondence and followed by shipment and delivery of the hardware to Leaverton, and its reception and use by him, constituted a complete contract of bargain and sale as between the American Window Company and Leaverton."

The cross-action of the defendant American Window Company declares first upon an express order and promise of the defendant Leaverton to pay it for the millwork furnished for his contract for the erection of a college chemistry building, and in the alternative that by the use of said material by him in the building which he was erecting, there was an implied promise to pay for same.

The issues stated as between the American Window Company and Leaverton were not submitted to the jury, but in the court's judgment, he finds that the window company is not entitled to recover judgment against the defendant Leaverton, but that it is entitled to recover against the plaintiffs, the Wichita Bank and Naylor-Collins Company, for the sum of $1,054.

The American Window Company tendered its special charge to the court in which the court is asked to instruct the jury to return a verdict for it against the defendant Leaverton for the sum sued for by it. This peremptory instruction the trial court refused to give. The question for us to determine, therefore, is: Was there any evidence before the court and jury which sustains the window company's pleading that defendant Leaverton had contracted and promised to pay for the goods furnished by that company? Second, do the facts in evidence show an implied promise on the part of the defendant Leaverton to pay for such millwork which went into the chemistry building, to the American Window Company?.

There is no evidence to warrant a verdict in favor of the American Window Company under its pleading that the defendant Leaverton himself ordered and contracted with the window company for the millwork. We will now digest the facts in the evidence to see whether or not there was an implied promise on the part of Leaverton to pay for such material the reasonable value of same, which was used by him in the said building.

The American Window Company knew that the hardware which it delivered to the defendant Leaverton was specified as a part of the millwork; that it had mailed to Leaverton a request to be informed of the name of the contractor who secured the millwork contract under him; that it later learned and knew that Naylor-Collins Company had secured such subcontract and were bound to furnish same. It also co-operated with Naylor-Collins Company on the preparation and installation of the windows and hardware, and the only correspondence it had with Leaverton was as to the progress of the building so that it might know when the material should be furnished. No evidence was introduced to show directly or by implication that it was selling its bill of materials to Leaverton. In its correspondence with Leaverton,

the window company, on April 9, 1928, wrote him:

"We attach hereto data covering the information you may need in connection with window specifications on chemistry building for Texas Tech at Lubbock. We are informed that your firm is submitting bid for the erection of this building."

"Special Request: In the event your firm is awarded the *general contract* for the erection of this building, kindly notify us as soon as possible what concern will furnish the *millwork*."

The following letter making proposition by Naylor-Collins Company to Leaverton to furnish the millwork for the chemistry building and the acceptance of same by Leaverton is here quoted as the contract between Naylor-Collins Company and Leaverton for said millwork:

"H. J. Naylor        C. B. Bailey
"Naylor-Collins Co., Lumber-Millwork 3000 Grant Street,
"Phone 9159.

"Wichita Falls, Texas, May 3, 1928.
"Mr. D. N. Leaverton,
"Lubbock, Texas.
"Dear Sir:
"We propose to furnish the Millwork for the Chemistry Building, Texas Technological College, located at Lubbock, Texas, according to the plans and as described in specifications under the heading of Millwork, prepared by the architect, Wyatt C. Hedrick, for the sum of Eight Thousand and Ten Dollars ($8,010.-00). Price F. O. B. Wichita Falls, Texas, full freight allowed to Lubbock, Texas.

"Millwork as follows:

"All exterior doors and window frames nailed up, pulleys installed.
"All exterior panel doors. All sash doors and transoms glazed.
"All windows glazed. (DSA Libbey Owens).
"All inside door and sash frames K. D.
"All interior paneled doors. All sash doors glazed.
"All transoms and sash glazed.
"All interior door and sash trim cut to rough lengths.
"All base, picture mould and hanging strips. All risers for platforms in rooms #100 and #204. All blackboard trim.
"All beams for Lecture Rooms built up. All stair rail.
"All bulletin Boards complete with cork back. All wood shutters.
"All material belt sanded for painters finish.
"For priming all window frames and sash, staining and shellacing and back painting all interior trim and doors for the sum of One Thousand Three hundred Forty ($1,340.00) Dollars.

"Deduct for all door frames, doors, window and door trim, blackboard trim, picture mould and handing strip and shutters for ground floor, the sum of Nine Hundred Sixty-Four (964.00) Dollars.
"Deduct for priming and painting interior trim for Basement Three Hundred Forty-Seven ($347.00) Dollars.
"We do not include sash cord or weights, bucks or grounds.
"Yours very truly,
     "Naylor-Collins Co.,
       "By J. G. Bennett."
"Accepted: D. N. Leaverton."

The window company addressed a letter to Leaverton dated August 7, 1928, in which Leaverton was asked the approximate date that he would be ready to have the window sash installed in the chemistry building and for a list of the finishes for hardware. Not receiving a reply to this, the window company again wrote him, calling his attention to the matter. On August 29, 1928, Leaverton wrote the window company the following reply:

"Lubbock, Texas, Aug. 29, 1928.
"American Window Co.,
"Houston, Texas.
"Gentlemen: Re: Chemistry Building, Tech College, Lubbock.
"Acknowledging your letter of the 23rd, at the state the work is in now it is hard to estimate just when will be ready for installation of windows, however an approximate date would be sixty days from now.
"It may be that we will be ready a little earlier, or possibly a little later than the above date, just depends upon the progress made on the brick and plaster work.
"Will endeavor to let you have more definite information as soon as we can give it, however, the above will give you a basis to figure on.
"Regarding the hardware, same will be the Russell & Erwin finish 11-C, no lac., all hardware in above finish except in Toilets, and that in nickel.
"If the above information not sufficient on the hardware would ask that you write the Myrick Hardware Co., Lubbock, Texas, who have the contract for furnishing the hardware, and they will be glad to give you any additional information.
"Yours truly,     D. N. Leaverton, w."

Leaverton wrote the window company on October 9, 1928, asking it at what stage of the work was it preferable to install the windows, in which he informs the company that he has the promise of shipment of the windows "next week" and would like for it to advise him if it would be profitable to "jump" the windows in and set after the plaster was applied. This was answered by the company October 11, 1928.

The other correspondence to and from Leaverton and the company related to just such matters as are indicated in the letters given above, and it is not necessary to cite them, as they do not contain any instruction that in our view implies that Leaverton was to contract direct with the window company or that he had contracted with it.

These letters are just such letters as a general contractor would write to a subcontractor who was under a contract through Naylor-Collins Company to furnish the millwork to Leaverton under his general contract.

There are various circumstances in evidence indicating that the American Window Company knew that Naylor-Collins Company were the subcontractors for the millwork and that question is definitely settled by the letter introduced from the files of the window company, from Naylor-Collins Company to the window company, dated May 5, 1928, in which Naylor-Collins Company informed the window company that that company had secured the contract for the chemistry building at Lubbock, Tex., and asked the window company to send the Naylor-Collins Company details of the operations of the windows, using the American Window Company hardware and stating that it would prefer that the window company send it a set of hardware for one window.

On the 31st day of May, 1928, the following letter was written by Naylor-Collins Company which shows to have been received by the window company: "In reply to your request, we will send you approved details and schedule covering the frames of the AWCO type for the chemistry building at Lubbock just as soon as we receive same from the architect."

Again, on June 9, 1928, Naylor-Collins Company notified the window company that it was sending the details and schedule to the window company indicated in previous letter.

The following copy of letter from the window company to Naylor-Collins Company was introduced in evidence as coming from the correspondence file of the window company:

"May 7th, 1928.

"Naylor-Collins Co.,

"3000 Grant Street,

"Wichita Falls, Texas.

"Gentlemen:

"Replying to your letter of the 5th, we are glad indeed to learn that you have the millwork contract for the Chemistry Building for Texas Tech at Lubbock.

"Mr. O. C. Winston who is the head of our Architectural and Engineering Department will be in your city Wednesday of this week, and will give you all information you may need in regard to frames, sash, etc. for this job.

"Thanking you in advance for any courtesy you may extend Mr. Winston, and with the writer's kindest regards to your Mr. Naylor, we are,

"Yours Truly,

"C. H. Shepherd, Vice President.

"CC Mr. Winston."

From these letters it will be seen that the window company was fully aware of the fact that Leaverton was the general contractor for the erection of the Chemistry Building and that Naylor-Collins Company were subcontractors for millwork under Leaverton. Further, it is apparent that whatever connection the window company had with the building contract must have come through Naylor-Collins Company. As stated above, there is nothing in the facts and circumstances in evidence to show expressly or impliedly that Leaverton was liable to the American Window Company for the millwork that was used in the Chemistry Building.

This holding not only covers the appellee the American Window Company's first proposition, but also concludes and answers all its assignments of error.

Appellant Naylor-Collins Company in its brief concedes the correctness of the judgment for $24.81 rendered in favor of Leaverton against it, but contests the judgment of the American Window Company against it.

The judgment recites that the parties in open court admitted on the trial of this case that the reasonable value of the merchandise furnished by the American Window Company was $1,054, and that same had not been paid.

It is apparent from the statement heretofore made and from the findings of the jury that Naylor-Collins Company contracted to furnish tthe hardware so purchased from the American Window Company for use in the Chemistry Building; that same was furnished by said window company to Naylor-Collins Company as a subcontractor under Leaverton, and it can serve no useful purpose to cite the facts establishing this for the second time. We therefore overrule appellant Naylor-Collins Company's assignments of error and approve the trial court's judgment in favor of the American Window Company against it.

■ There remains for our consideration the appeal of the City National Bank of Wichita Falls.

After pleading its indebtedness against Leaverton, the American Window Company, by its trial amendment, then pleaded in the alternative as follows:

"Cross-plaintiff would show to the court that it has developed on the trial of this case that the Naylor-Collins Company has heretofore transferred, assigned, conveyed and delivered to the City National Bank of Wichita Falls, all of its properties, real and personal, tangible and intangible, of every character

and description, and that said bank is now the owner and holder of all of said properties, including the rights, claims, debts and demands which may be due and owing by the Naylor-Collins Company on account of its contract with the said D. N. Leaverton.

"That in the event it should be held and decreed by the court that the contract between the Naylor-Collins Company and the said D. N. Leaverton covered and included the window hardware to be furnished by the American Window Company, and that the American Window Company is not entitled to judgment against the said D. N. Leaverton for the value of said hardware, that then and in that event this cross-plaintiff avers that it furnished and delivered to the said D. N. Leaverton the said hardware and that the same was of the reasonable value of the amount set forth in its original answer and cross-action in this case. That if the said hardware was included in the contract of the said Naylor-Collins Company with said D. N. Leaverton that then and in that event there is and was an implied obligation on the part of the said Naylor-Collins Company to pay the American Window Company the reasonable value thereof. That the City National Bank, having, as above alleged, taken over all of the properties and assets of the said Naylor-Collins Company, became, under the law, a trustee and receiver for the benefit of any creditors of the Naylor-Collins Company having debts, claims or demands due and owing by the Naylor-Collins Co., and that by reason of the premises this cross-plaintiff is entitled to judgment against the said Naylor-Collins Co., and the City National Bank in the sum of $1,054.00 with interest thereon at the rate of six per cent. per annum from the 29th day of January, 1929.

"Wherefore, this cross-plaintiff prays, as in its original answer and cross-action, and in the alternative and in the event it be held that the said contract between the Naylor-Collins Company and D. N. Leaverton obligated the said Naylor-Collins Company to furnish the hardware delivered by this cross-plaintiff to the said D. N. Leaverton, that then and in that event it have judgment against the Naylor-Collins Company and the City National Bank of Wichita Falls, Texas, in said sum of $1,054.00, with interest thereon at the rate of six per cent. from the 29th day of January, 1929, and for such other and further relief, general and special, legal and equitable, to which it may show itself entitled."

The jury found that the reasonable cash market value of the assets transferred by the Naylor-Collins Company to the City National Bank on April 1, 1928, was $60,000, and that after the composition of Naylor-Collins Company with its creditors, the indebtedness claimed by the City National Bank of Wichita Falls, Tex., against Naylor-Collins Company amounted to $29,500. According to these findings, the City National Bank had in its hands, by virtue of the transfer from the Naylor-Collins Company, property of the reasonable cash value in excess of the amount owing to it by that company. It appears from the record that this was a general composition by Naylor-Collins Company with its creditors, and the inference is that all creditors were satisfied except the bank and that it took over the property of the Naylor-Collins Company. As a consequence of this taking over such assets, the bank had taken into its hands property largely in excess of the judgment of the window company against it.

The finding of the jury that the Naylor-Collins Company was not insolvent is not binding on us and was so evidently erroneous that we cannot account for it, as the evidence without contradiction shows a legal insolvency on the part of Naylor-Collins Company. This, however, is immaterial.

In the transaction between the Naylor-Collins Company and the Wichita bank, it is apparent that the bank became a trustee for Naylor-Collins Company's creditors for the excess amount over their debt and as such it must account to the American Window Company for its debt in the form of the judgment.

In the case of Lyons-Thomas Hardware Co. v. Perry Stove Manufacturing Co., 86 Tex. 143, 157, 24 S. W. 16, 21, 22 L. R. A. 802, Judge Stayton, discussing article 65i (or article 61i), Sayles' Civil Statutes, says: "This statute further illustrates the fact that the property of an insolvent corporation is deemed in this state a trust fund, and emphasizes the right of all of its creditors to equality in distribution of its assets, as against all other creditors who had not acquired superior right prior to known insolvency." Clevenger v. Galloway & Garrison (Tex. Civ. App.) 104 S. W. 914, writ denied; Jackson v. Chapman (Tex. Civ. App.) 263 S. W. 958; Panhandle National Bank v. Emery, 78 Tex. 498, 15 S. W. 23; First National Bank of Littlefield v. Neel (Tex. Civ. App.) 10 S.W.(2d) 408; Curran v. State of Arkansas, 15 How. 304, 14 L. Ed. 705.

We have considered all assignments and are of the opinion that the law and the facts sustain the trial court's judgment.

Consequently, we overrule all assignments of error, and affirm the judgment of the trial court.